UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ROBERT E. HOWLAND, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | No.: 3:20-CV-493-TAV-DCP |
| KRISTY FRASIER and MEDICAL STAFF OF SULLIVAN COUNTY JAIL, | ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner confined in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 alleging that Defendant Medical Staff of Sullivan County Jail ("Medical Staff") denied him medications and treated him differently because of the nature of offense and that Defendant Frasier verbally abused him [Doc. 1]. Plaintiff also filed a motion for leave to proceed *in forma pauperis* [Doc. 5]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I. FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Sullivan County Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Knoxville,

Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. §§ 1915(b)(1)(A), (B). Thereafter, the custodian of plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2), 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. SCREENING

### A. PLAINTIFF'S ALLEGATIONS

On October 22, 2020, Plaintiff was told that his medications for blood pressure and depression were stopped because he had missed doses on four occasions, even though he had been sick for several weeks, and a nurse had so noted on October 19, 2020 [Doc. 1 p. 3–4]. Plaintiff states this is an ongoing issue with the medical staff at the jail, as his medications were stopped for an unknown reason when he first came there in February of 2018 [*Id.* at 4]. Plaintiff subsequently asked to stop all of his medications, and when he later asked to restart

them, only four were restarted [*Id.* at 4]. Plaintiff is a pretrial detainee and states that the jail medical staff does not care for the inmates, treating them differently due to the nature of their crimes [*Id.*]. As to Defendant Frasier, Plaintiff alleges that she has told inmates that if they "don't like it 'don't come to jail'" [*Id.* at 5].

Plaintiff has sued Sullivan County Jail Head Nurse Kristy Frasier and the Medical Staff [*Id.* at 3]. Plaintiff seeks investigation of the Medical Staff, to have Defendant Frasier answer for her actions, payment for pain and suffering, and for some type of action to be taken against the Sullivan County Jail Medical Staff [*Id.* at 6].

B. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.     ANALYSIS**

First, the Medical Staff is not an entity subject to liability under §1983. *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (concluding "that the defendant medical departments are not 'persons' under § 1983").

Further, Plaintiff's complaint does not allow the Court to plausibly infer that any jail official, including Defendant Frasier, has been deliberately indifferent to his medical needs as required to state a claim for violation of his constitutional right to adequate medical care.[1] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (holding that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment).

---

[1] As Plaintiff is a pretrial detainee, his "right to adequate medical treatment attaches through the Due Process Clause of the Fourteenth Amendment, which affords pretrial detainees rights 'analogous' to those of prisoners." *Linden v. Washtenaw Cty.*, 167 F. App'x 410, 415 (6th Cir. 2006) (quoting *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001)).

4

Case 3:20-cv-00493-TAV-DCP   Document 6   Filed 01/14/21   Page 4 of 7   PageID #: 21

Specifically, while Plaintiff alleges that his medications were recently stopped after he missed several doses due to being sick, of which a nurse had made a note, he has set forth no facts from which the Court can plausibly infer that this incident was due to deliberate indifference to his serious medical needs, rather than negligence. As the Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations and internal citations omitted). Thus, Plaintiff's allegation that his medications were recently stopped in October of 2020 due to him missing four doses while he was sick fails to allege a constitutional violation.[2]

Moreover, Plaintiff has not set forth any facts from which the Court can plausibly infer that Defendant Frasier could be liable under § 1983 for the fact that his medications were recently stopped due to her position as head nurse. *Winkler v. Madison County*, 893 F.3d 877,

---

[2] It does not appear that Plaintiff intended to state a claim for relief under § 1983 based on the allegations that unnamed individuals stopped his medications in February 2018 and subsequently restarted only four of them [*Id.* at 4]. However, to the extent that he intended to do so, he did not, as the Medical Staff is not an entity subject to suit as set forth above, and the complaint does not allow the Court to plausibly infer that Defendant Frasier was involved in these incidents, or that these incidents were the result of deliberate indifference to his serious medical needs. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983.").

5

898 (6th Cir. 2018) (providing that a supervisor may not be found liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* but may be liable if he or she "abandon[s] the specific duties of [his or her] position . . . in the face of actual knowledge of a breakdown in the proper workings of the department." (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Also, Plaintiff's allegation that he has been treated differently due to the nature of his crime fails to allow the Court to plausibly infer any violation of his constitutional rights. *Twombly*, 550 U.S. at 570.

Lastly, Plaintiff's allegation that Defendant Frasier verbally abused him and other inmates also fails to state a claim for violation of Plaintiff's constitutional rights. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and verbal abuse "do not constitute the type of infliction of pain that the Eighth Amendment prohibits.").

Thus, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution

where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE